UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20479-CR-MIDDLEBROOKS/DAMIAN

**UNITED STATES OF AMERICA**,

v.

**CRISTIAN SOLIS RETAMAL**,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court following an Order of Reference from the Honorable Donald M. Middlebrooks, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant, Cristian Solis Retamal ("Defendant"). [ECF No. 15]. Based upon the change of plea hearing conducted on February 16, 2024, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Middlebrooks, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from Judge Middlebrooks. I further advised Defendant that Judge Middlebrooks would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and was knowingly and voluntarily waiving them.

4. Defendant indicated he was knowingly and voluntarily pleading guilty to the Indictment filed in this case, which charges him with illegal reentry after removal, in violation of Title 8, United States Code, Section 1326(a). [ECF No. 1]. I advised Defendant that the maximum penalty the Court may impose is a sentence of two (2) years' imprisonment, followed by a term of supervised release of up to one (1) year. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and the Court will assess a mandatory special assessment of $100.00, which is due at the time of sentencing. Defendant acknowledged that he understood the possible penalties the Court may impose, including the maximum penalties, in addition to the potential for immigration consequences including deportation or removal.

5. Defendant also acknowledged that he understood the Sentencing Guidelines and that he had discussed with his attorney the applicable guidelines range, as well as applicable departures.

6. Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7. To set forth the factual basis for the entry of the plea, the Government provided a written proffer of the facts it would have established at trial. [ECF No. 18]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfy all elements of the crime charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8. The parties did not enter into a written plea agreement, and they indicated there were no agreements as to any terms other than that Defendant is pleading guilty to the Indictment. There were no agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

9. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

10. Defendant further acknowledged that he understands that in the event the District Judge sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

11. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

12. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment filed in this case, as more

particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

13.     A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing has been set by separate order, for March 19, 2024. [ECF No. 20].

As agreed by the parties on the record, the parties will have until **Tuesday, February 20, 2024**, to file written objections to this Report and Recommendation, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 16th day of February, 2024.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Donald M. Middlebrooks, *U.S. District Judge*
Counsel of Record